UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THEODORE E. LORIA,

                    Plaintiff,

-vs-

MICHAEL DESAIN, TAYLOR BARTH, and TOWN OF BRIGHTON, NEW YORK,

                    Defendants.

DECISION AND ORDER

18-CV-6541 CJS

## APPEARANCES

For Plaintiff:
John R. Parrinello, Esq.
The Parrinello Law Firm, LLP
36 W. Main Street Suite 400
Rochester, NY 14614
(585) 454-2321

For Defendants:
Eugene Welch, Esq.
Tully Rinckey, PLLC
400 Linden Oaks Suite 110
Rochester, NY 14625
(585) 492-4700

## INTRODUCTION

**Siragusa, J.** Before the Court in this civil rights action is the motion by plaintiff Theodore E. Loria ("Loria") to amend his complaint, filed on September 24, 2018, ECF No. 11, and Defendants' cross-motion to dismiss, and in opposition to Loria's motion to amend, filed on November 1, 2018, ECF No. 14. The Court held a conference with counsel in court on January 31, 2019. The Court assisted counsel in reopening a relevant sealed state criminal case file, and permitted Loria to file a sur-reply. The Court further informed counsel that it would consider all the motions once the sur-reply was filed. On September 6, 2019, Loria filed his sur-reply and the Court now decides both Defendants' motion to dismiss, ECF No. 4, and Loria's motion to amend, ECF No. 14. For the reasons stated below, the Court grants

Defendants' motion to dismiss the summons, and denies Loria's motion to file an amended complaint.

## BACKGROUND

Loria filed his complaint *pro se* on July 20, 2018, ECF No. 1. The complaint alleges Defendants violated his rights under the Fourth Amendment on or about September 8, 2015, by falsely arresting him, illegally seizing and searching him, falsely imprisoning him, and maliciously prosecuting him. Loria was charged in New York State court with criminal conduct, and, further, a jury acquitted him on January 5, 2017. In this action, Loria also alleged that defendants Michael DeSain ("DeSain"), and Taylor Barth ("Barth") conspired to violate his civil rights while acting in their capacities as police officers for the Town of Brighton.

Summonses in this case were returned on August 2, 2018, showing service was personally made on David Catholdi, a Brighton Police Captain, at an address in Brighton, New York, for all three Defendants. Defendants responded by moving to dismiss the complaint for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. Motion to Dismiss, Aug. 13, 2018, ECF No. 4. By this time, Loria had engaged counsel to represent him, and counsel filed a motion to amend on August 29, 2018, ECF No. 8, and obtained consent from Defendants' counsel to the issuance of the following Order:

> TEXT ORDER re 4 MOTION to Dismiss filed by Town of Brighton, New York, Michael DeSain, Taylor Barth, 8 First MOTION to Amend/Correct filed by Theodore E. Loria. Plaintiff has moved, ECF No. 8, to amend the summons and for an extension of time to respond to the defense motion to dismiss. He further represents, ECF No. 8, para. 29, that Defendants do not object to his applications, but do not waive their motion to dismiss, ECF No. 4. Accordingly, it is hereby ORDERED, that Plaintiff's application to amend the summons pursuant to Fed. R. Civ. P. 4(a)(2), and for an extension, ECF No. 4, is granted, nunc pro tunc, to September 4, 2018. Plaintiff may serve the amended papers and shall have until September 26, 2018, to file a response to the defense motion to dismiss. Any reply to the response will be due on October 5, 2018. Oral argument remains scheduled for January 31, 2019, at 2:15 p.m. Signed by Hon. Charles J. Siragusa on 9/5/2018. (KJA) (Entered: 09/05/2018).

Order, September 5, 2018, ECF No. 9.

On September 6, 2018, Loria filed proof of service by Fred Burruto, a non-party, who completed affidavits attesting to having made personal service on Mark Henderson, Chief of Police, DeSain and Barth, at their place of business, and that he also:

> enclosed a copy of same in a first class postpaid envelope bearing the words "Personal & Confidential" properly addressed to defendant at defendant's actual place of business, at 2300 ELMWOOD AVENUE, ROCHESTER, NY 14618 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

Affidavits of Service, Sept. 6, 2018, ECF No. 10. The process server also served the Town Clerk of the Town of Brighton. *Id*.

## STANDARDS OF LAW

### *Fed. R. Civ. P. 15 – Leave to Amend*

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Continental Illinois Nat. Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

### *Fed. R. Civ. P. 12(b)(2) and (b)(5) - Lack of Personal Jurisdiction*

A plaintiff bears the burden of establishing this Court's jurisdiction over the defendants. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a motion to dismiss pursuant to Rule 12(b)(2) may be defeated if the plaintiffs' complaint and affidavits contain sufficient allegations to establish a prima facie

showing of jurisdiction. *See id*. Moreover, the Court must assume the truth of the plaintiff's factual allegations, *see PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997), even in light of a defendant's "contrary *allegations* that place in dispute the factual basis of plaintiff's prima facie case." *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 178 (S.D.N.Y. 1995) (emphasis added).

Federal Rule of Civil Procedure 12(b)(5) permits dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer. "In deciding a Rule 12(b)(5) motion, a court looks to materials outside of the pleadings in determining whether service of process has been insufficient. Moreover, once a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (citations omitted) (internal quotation marks omitted).

## ANALYSIS

### Lack of Jurisdiction and Improper Service

Defendants' first argument seeks dismissal with prejudice as to DeSain and Barth pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. If the Court is without a basis for personal jurisdiction over the two named officers, it is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937).

In an affidavit by Letty Laskowski, Esq., one of Defendants' lawyers, DeSain and Barth assert that the envelopes used to deliver a copy of the summons and complaint to them were not marked "Personal and Confidential" on the outside as required by New York C.P.L.R. 308(2) (McKinney). Laskowski Decl. ¶ 7, Nov. 1, 2018, ECF No. 14-1. Attached to the attorney's affidavit are copies of the *fronts* of the two envelopes, postmarked September 7,

2018, showing the lack of the "Personal and Confidential" marking. *Id*. Loria's counsel, at oral argument, contended that the envelopes did contain a "Personal and Confidential" marking on the back.

The Federal Rules for Service require either personally serving the defendant, leaving a copy of the summons and complaint at the defendant's dwelling, or delivering them to an agent authorized to accept service. Fed. R. Civ. P. 4(e)(2)(A)–(C). Loria did not use any of these methods. In addition, the Federal Rule permits service using methods approved under state law, here N.Y. C.P.L.R. 308. Under that statute, service may be made,

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business…of the person to be served and…by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served….

N.Y. C.P.L.R. 308(2) (McKinney). The requirements of section 308 are strictly enforced. *Pesner v. Fried*, 166 A.D.2d 512, 512–13 (N.Y. App. Div. 2d Dep't 1990) ("the requisite mailing did not bear the legend 'personal and confidential' on the envelope as required by the statute…. Since the plaintiffs failed to comply with the prescribed conditions, jurisdiction over Shandler was not acquired, and the complaint was properly dismissed as to him…."); *see also Leab v. Streit*, 584 F. Supp. 748, 759 (S.D.N.Y. 1984) (section 308 is construed literally).

Loria does not address DeSain's and Barth's inadequate service argument in his motion to amend, ECF No. 11. In his response to Defendants' application to dismiss, ECF No. 15, filed on November 15, 2018, Loria argues that Defendants' motion to dismiss is a nullity if the Court grants Loria's motion to amend, and an amended pleading is served, and only then may the Court consider the arguments raised in Defendants' motion to dismiss, presumably including the argument that Loria has not secured personal jurisdiction over

DeSain and Barth. In light of the Supreme Court's holding in *Employers Reinsurance Corp.*, the Court rejects this argument.

Once personal jurisdiction is challenged, it is Loria's burden to show, prima facie, that jurisdiction exists. *See Dorchester Fin. Secs, Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 84 (2d Cir. 2013). Here, although the process server swore that he properly marked the envelopes, Defendants' exhibits raise a factual question. Because jurisdiction is a threshold question, the Court discussed it extensively at the appearance on January 31, 2019. At that appearance, the Court allowed Loria additional time to ascertain issues pertaining to the legality of Loria's arrest. Further, the Court informed Loria's counsel that it may permit re-service if the service was defective, since the courts prefer to resolve matters on the merits. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) (strong policies favor resolution on the merits). However, because of the Court's determination of the futility of permitting amendment of the complaint in light of the further evidence submitted, and in the interest of judicial efficiency and the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, the Court will address the motion to amend before the factual issue surrounding personal service on two of the defendants is resolved.

*Motion to Amend*

Loria's submissions now before the Court show that this case did involve an arrest warrant. In order to plead a plausible claim for false arrest and imprisonment under New York and Federal law, a plaintiff must allege that the arrest was made without probable cause. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Normally, the presence of an arrest warrant would invalidate claims of false arrest and imprisonment because it shows the existence of probable cause. *Dirienzo v. United States*, 690 F. Supp. 1149, 1154 (D. Conn. 1988). "An arresting officer advised of a crime by a person who claims to be the victim, and who has

signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

In the present case, Loria was arrested on September 8, 2015. Barth signed a misdemeanor information under penalty of perjury on August 29, 2015, accusing Loria of assault in the third degree. Attached to the information was a supporting deposition by the alleged victim, Reginald White ("White"), and a supporting deposition by witnesses Joseph S. Foster, and another by Barth. In his supporting deposition, White stated, *inter alia*, the following:

> As I was returning from the back lot to the front showroom I again saw the unknown young white male from the morning approaching me with Teddy Loria at his side. I walked straight ahead witnessing the unknown white male and Teddy Loria splitting around me, with the unknown white male going to my left and Teddy going to my right. In the next instant I was struck in the face with a punch thrown by the unknown white male. The force of the blow and my momentum walking forward caused my feet to go out from under me and resulted in me falling to the asphalt surface, landing on my right elbow, jamming my shoulder. I was on the ground, surprised, dazed and hurt. At that time, Teddy Loria approached me and said "Don't ever fucking write anything about me again!" The unknown white male and Teddy Loria then turned to walk away.

White Supp. Dep. at 2, *attached to* Sur-Reply *as* Ex. A, Sept. 6, 2019, ECF No. 26-1. Loria concedes that the Honorable Karen Morris, Town Justice, signed a warrant for his arrest, and that his arrest was pursuant to that warrant. *See, e.g.,* Sur-Reply ¶¶ 20 ("the arrest warrant is not valid"), 27 ("Barth's highly prejudicial hearsay Deposition and Addendum that were submitted to Judge Morris to support Barth's request for an arrest warrant for Loria invalidates the warrant of arrest issued on September 1, 2015."), and 31 ("The arrest warrant in this case, is not "legit" because of the highly prejudicial hearsay Deposition and Addendum submitted to the Judge by Barth on or about August 29, 2015.").

Having reviewed the papers presumably submitted to Judge Morris to obtain an arrest warrant, the Court determines that Loria will be unable to show his arrest was without probable cause. Therefore, even if he were to file an amended complaint, it would be futile on the issues of false arrest and imprisonment.

Notwithstanding the existence of probable cause, Loria attacks the warrant on the basis that it was unauthorized, and was unduly influenced by prejudicial information contained in the application papers.

### *Was the warrant authorized?*

Although conceding that a warrant did issue, Loria argues that Judge Morris was not authorized to issue one. Loria asserts in his Sur-Reply that DeSain and Barth both knew that Loria and Huss, Loria's alleged co-defendant, arranged to surrender themselves on September 8, 2015. Sur-Reply ¶ 62. Because he knew Loria would surrender himself, Barth did not have to obtain a warrant, and further, "it is obvious that none of the various ways to ensure that Loria would appear in Court were necessary...." *Id*. Loria then quotes from New York Criminal Procedure Law § 130.50: "If after the service of a summons the defendant does not appear in the designated local criminal court or superior court at the time such summons is returnable, the court may issue a warrant of arrest." From this language, Loria argues that since no summons was issued, and Barth knew Loria would surrender himself, he was not permitted to seek a warrant, and Judge Morris was not authorized to issue one. For that, Loria cites N.Y. Criminal Procedure Law § 120.20(3): "Notwithstanding the provisions of subdivision 1, if a summons <u>may</u> be issued in lieu of a warrant arrest pursuant to section 130.20, and if a court is satisfied that the defendant will respond thereto, <u>it may not issue a warrant of arrest</u>. (emphasis added)." Sur-Reply ¶ 70.

This very issue was discussed by the court in *People v. McNeil*, 90 Misc. 2d 180 (N.Y. Sup. Ct. 1977). In that decision, New York Supreme Court Justice Jaspan analyzed the argument like this:

> The provision of CPL 120.20 (subd 3) upon which the defendant relies does not diminish or restrict this power [to issue a warrant of arrest solely upon the basis of a valid underlying accusatory instrument]. I read it as providing that if a summons has been issued, a warrant of arrest may not also issue in the case if the court is satisfied that the defendant will respond to the summons.

*Id.* at 183. Loria points to this language from *McNeil*: "The Practice Commentary (Richard G. Denzer) in referring to 120.20(3) interprets it as meaning that the summons shall issue instead of an arrest warrant 'whenever such is practicable.'" *Id*; Sur-Reply ¶ 68. The Court is persuaded that Justice Jaspan's analysis is correct and that section 120.20(3) did not take away Judge Morris's power to issue an arrest warrant, notwithstanding the practicality of a summons and the agreement that Loria would surrender himself. *See People v. Boyer*, 105 Misc. 2d 877, 892, 430 N.Y.S.2d 936, 947 (Syracuse City Ct. 1980) ("This court recognizes there is no statutory requirement that a summons be employed in place of a warrant."), *rev'd on other grounds* 116 Misc. 2d 931, *rev'd* 58 N.Y.2d 122 (1983).

### *Was Judge Morris unduly influenced by scandalous material in the warrant application?*

Loria's second basis for attacking the validity of the arrest warrant is that the issuing judge was unduly influenced by hearsay and scandalous material in the application paperwork. Sur-Reply ¶ 8. He cites to Barth's claims that Kochersberger told him:

> I don't want to be the one who fingers that guy. I don't want to go to court, and <u>I don't want anything to do with [Plaintiff]</u>. I was happy to see him go (being fired), and I respect Rex (Reginald White), but I have 3 children, and I want nothing to do with this. I know that I am acting like a pussy, but I am looking out for myself. <u>I don't know what those guys are capable of</u>.

*Id.*

The Supreme Court addressed the question of whether the veracity of a warrant affidavit could be attacked after the warrant has been issued and executed in *Franks v. Delaware*, 438 U.S. 154 (1978). In that decision, Justice Blackman, writing for the majority, stated:

> Judge Frankel, in *United States v. Halsey*, 257 F. Supp. 1002, 1005 (S.D.N.Y. 1966), *aff'd*, Docket No. 31369 (CA2, June 12, 1967) (unreported), put the matter simply: "[W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing" (emphasis in original). This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

*Franks*, 438 U.S. at 164–65. In a later case, Justice White, writing for the court, noted: "'Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.'" *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)).

The Court's research has not revealed any case law to support Loria's proposition that a warrant application that contains hearsay or malicious information invalidates a warrant issued in reliance on it. Nor has Loria cited any authority to that effect. Sur-Reply ¶ 27. In its review of the papers attached to Barth's complaint, the Court determines that sufficient information was provided to permit Judge Morris to conclude that probable cause existed to believe Loria acted as an accessory to Hull's assault of White. N.Y. Penal L. § 20.00. Accordingly, the Court finds that to allow an amendment to the complaint would be futile for the false arrest and imprisonment causes of action.

To prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law. New York law on malicious prosecution requires showing (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Manganiello v. City of N.Y.*, 612 F.3d 149, 160–61 (2d Cir. 2010).

Courts in this circuit have held that if probable cause for the prosecution exists, then it is a complete defense to malicious prosecution. *Terio v. Michaud*, 2010 U.S. Dist. LEXIS 141947, at *12 (S.D.N.Y. Dec. 3, 2010); *Drummond v. Castro*, 522 F. Supp. 2d 667, 677 (S.D.N.Y. 2007).[1]

If there is no dispute over what the arresting officer knew when commencing the prosecution, then probable cause may be determined by the Court as a matter of law. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*

Reviewing the misdemeanor information and its attachments has convinced the Court that probable cause to initiate the prosecution existed. Ignoring the information that Loria labeled as malicious hearsay, one attachment, Reginald White's supporting deposition, provides probable cause that Loria was irate about the food incident and White's sign on the

---

[1] In *Boyler v. City of Lackawanna*, 287 F. Supp. 3d 308, 322 (W.D.N.Y. 2018), the Court held that the existence of probable cause to initiate the prosecution, entitled the defendants to qualified immunity as a matter of law. Defendants have not asked for a finding of qualified immunity.

dismantled refrigerator implying that Loria was the irate employee who removed the door and shelves and spread baking soda all over. White described how Loria approached him in the company of Huss in the morning, then approached again when White was at the back of the car dealership. Further, White described how Loria and Huss separated and surrounded him and how Huss then punched him, knocking him to the ground causing injury. Finally, White described how Loria leaned over him while he was on the ground and said, "Don't ever fucking write anything about me again!" When White got back inside the car dealership, he described seeing Loria show up "at the sales office with the note from the refrigerator in his hand, stating, He's writing things about me and telling people that I did something to the refrigerator." White Supp. Dep. at 1–2.

The sales manager for the car dealership, Joseph Foster ("Foster"), provided a supporting deposition in which he described that Loria approached just after Foster learned from White about the assault. Foster stated that Loria "was telling me 'nothing happened.'" Foster Supp. Dep. 2, ECF No. 26-1.

Michael Kochersberger, a salesman at the car dealership, informed Barth that he knew Huss, whom he referred to as "Donny," and that Huss has "been around working for [Loria] the past 5 years." Brighton Police Dep't Addendum Report 524474 at 1, ECF No. 26-1.

Based on the information related in the warrant application attached to the misdemeanor information, initiation of prosecution for assault in the third degree was based on probable cause. Thus, notwithstanding that the case did not result in a conviction, were the Court to permit an amended complaint, this cause of action would not survive a motion to dismiss and would, therefore, be futile.

## CONCLUSION

For the reasons stated above, the Court denies Loria's motion to amend the complaint pursuant to Rule 15 due to futility and grants Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) as to the individual defendants, Michael Desain and Taylor Barth. The remaining motions are denied as moot. Loria shall have 20 days from the date of this Decision and Order to advise the Court as to the status of the case against the Town of Brighton. In the meantime, the Clerk is directed to amend the caption to omit the names of the two individual police officers and simply leave the Town of Brighton as the sole defendant.

IT IS SO ORDERED.

Dated: October 22, 2019
Rochester, New York     Enter:

<u>/s/ Charles J. Siragusa</u>
CHARLES J. SIRAGUSA
United States District Judge